UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

CHARLOTTE S. BOZE,

    Plaintiff,                               CASE NO:

v.

BIC USA, INC.

    Defendants.

---

## COMPLAINT

---

Plaintiff, Charlotte S. Boze, by and through undersigned counsel, files this Complaint for damages against Defendant BIC USA, Inc. In support thereof, Plaintiff would respectfully show unto the Court as follows:

## INTRODUCTION

1. This case arises out of the severe, permanent, and life-altering injuries Plaintiff, Charlotte S. Boze, suffered when a defective disposable Bic lighter malfunctioned such that the valve of the lighter remained open, thereby causing Ms. Boze's arm to be engulfed in flames resulting in excruciating burn injuries to Ms. Boze's person.

## STATEMENT OF THE PARTIES

2. Plaintiff, Charlotte S. Boze, is a Tennessee Citizen, resident, and domiciliary who lives in Castalian Springs, Tennessee, and is over the age of eighteen (18) years.

3. Defendant, BIC USA, Inc., is a corporation authorized and existing under the laws of the State of Connecticut, with its registered agent office located Corporation Service Company 100 Pearl Street, 17h Floor, MC-CSC1, Hartford, CT, 06103, and its principal place of business

is located at One Bic Way, Suite 1, Shelton, Connecticut. At all relevant times, Defendant BIC USA, Inc. did business in Tennessee on a regular and routine basis and availed itself of the laws of the State of Tennessee.

4. Societe BIC S.A. is a France-based designer, manufacturer, and international seller of stationary products and pocket lighters, with approximately forty percent (40%) of its sales being made in the United States, including in Tennessee.

5. Societe BIC S.A. is the number one seller of pocket lighters in the United States, and has factories manufacturing lighters in France, China, and Connecticut, United States.

6. Defendant BIC USA, Inc. ("BIC") is a US-based subsidiary corporation of Societe BIC S.A., which imports, manufactures, markets, and sells BIC products, including pocket lighters throughout the United States, and in Tennessee.

7. BIC offers their products, including pocket lighters, to consumers primarily through a network of mass-market retailers, and gas stations, such as the Castalian Springs Market Gas Station where Ms. Boze purchased the Subject Lighter.

## JURISDICTION AND VENUE

8. This civil action is brought under theories of strict liability and negligence.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Ms. Boze and BIC are citizens of different states and the amount in controversy exceeds $75,000.00

10. Venue is proper before this Court, pursuant to Tenn. Code Ann. § 20-4-106, because a substantial part of the events or omissions giving rise to the claims stated herein occurred in Sumner County, Tennessee.

11. This Court is authorized to exercise personal jurisdiction over BIC pursuant to the Tennessee Long-Arm Statute, T.C.A. § 20-2-214(a).

12. This Court is authorized to exercise personal jurisdiction over BIC because BIC is engaged in such regular, continuous, and systematic business in Tennessee that BIC may fairly be regarded as at home in Tennessee.

13. BIC regularly transacts business in the State of Tennessee and has committed a tort in the State of Tennessee and is subject to the jurisdiction and venue of this Court.

14. BIC designed, manufactured, marketed, advertised, promoted, distributed, sold and ultimately placed into the stream of commerce the disposable BIC lighter at issue.

15. BIC has continuing contacts with Tennessee by transacting substantial business in this state and manufacturing, distributing, marketing, and/or selling goods with reasonable expectation that they will be used in this state and which are in fact used in this state.

16. The disposable BIC lighter at issue (and other similar/identical disposable BIC lighters) was advertised, marketed, sold, distributed, and place into the stream of commerce through the engagement by BIC of one or more distributors and/or retailers who sell and distribute BIC products, including the disposable BIC lighter at issue and similar BIC lighters, to consumers.

17. These BIC lighters are sold by the Defendants for use in various applications, including but not limited to, for use to light cigarettes.

18. BIC provided marketing materials to its subsidiaries, wholesalers, and distributors; actively marketed its products; established channels through which consumers could receive assistance with its BIC products, including disposable pocket lighters, and otherwise purposely availed itself of the privilege of conducting business in Tennessee by placing its

products, including the disposable BIC lighter at issue, into the stream of commerce and by regularly using wholesalers and distributors in the United States to cover the entire country, including the State of Tennessee, without restriction.

19. BIC is personally subject to the jurisdiction of this Court for, among others, the following reasons:

> a. A nonresident defendant is subject to personal jurisdiction under the Tennessee long-arm statute by virtue of doing business in Tennessee, by contracting with Tennessee residents pursuant to contracts to be performed in part in Tennessee, and/or by committing torts where one or more elements of the tortious act occurred in Tennessee, and BIC has engaged in such business in Tennessee;
>
> b. BIC knowingly, intentionally, and deliberately placed the disposable BIC lighter at issue into the stream of commerce under circumstances such that BIC should reasonably anticipate being haled into court in Tennessee to answer claims about the failure of its product in Tennessee;
>
> c. BIC regularly does business in Tennessee, solicits business in Tennessee, derives substantial revenue from goods or services in Tennessee, have agents or representatives or officers or employees in Tennessee, maintain an office in Tennessee, and have subsidiaries or business affiliates in Tennessee;
>
> d. BIC places its products into the stream of commerce by targeting Tennessee consumers through distributors and resellers in the State;
>
> e. BIC has been a party in other cases where it has come into the courts of Tennessee, without claiming lack of jurisdiction, to answer claims about the failures of its products in Tennessee;
>
> f. BIC has a regular plan for the distribution of its products in Tennessee with the goal of achieving a commercial benefit from the sale products in Tennessee;
>
> g. BIC engages in international marketing of its products that intentionally pervade into the Tennessee market;
>
> h. BIC targets marketing specific to Tennessee;
>
> i. BIC derives millions of dollars a year from sales of products in Tennessee;
>
> j. BIC's negligent acts both inside and outside Tennessee caused injury

within Tennessee;

k. BIC has purposefully availed themselves of the privilege and benefits of conducting business in Tennessee;

l. BIC holds patents and trademarks which they demands must be honored in Tennessee;

m. Allowing BIC to escape jurisdiction would improperly allow them to wield the Due Process Clause as a territorial shield to avoid interstate obligations that they have voluntarily assumed;

n. BIC participated in placing the disposable BIC lighter at issue into the stream of commerce;

o. BIC expected and intended that the disposable BIC lighter at issue they manufactured, designed, and imported, would be sold and used in Tennessee;

p. BIC's contacts with Tennessee principally relate to the placement of millions of disposable lighters into the stream of commerce, and all of the conduct associated with placing lighters into the stream of commerce in Tennessee and associated with this civil action is related to and connected with the placement of lighters into the stream of commerce;

q. Because due process and fair play and substantial justice are honored by this civil action going forward in this Tennessee Court;

r. Because it would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiff to litigate this case in another forum such as a France, or Connecticut, when all of the evidence, documents, and materials are largely located in Tennessee;

s. Because Tennessee has an interest in overseeing this litigation which involves injuries to a Tennessee resident and tortious transactions which occurred in Tennessee and defective products sold in Tennessee;

t. Because public policy favors resolution of this dispute in this Tennessee Court;

u. Because BIC's conduct and connection with Tennessee are such that they should reasonably anticipate being haled into court in Tennessee;

v. Because BIC has sufficient minimum contacts with the forum;

w. Because Plaintiff's injuries arise out of or relate to BIC's minimum contacts with the forum; and

x. The exercise of jurisdiction is reasonable and consistent with notions of fair play and substantial justice.

20. The disposable BIC lighter at issue (including other similar/identical disposable BIC lighters), which caused Ms. Boze's burns, scarring and injuries and other damages, was researched, developed, tested, designed, manufactured, advertised, marketed, sold, distributed and ultimately placed into the stream of commerce by BIC in a defective and dangerous condition.

21. The disposable BIC lighter at issue which caused Ms. Boze's burns, scarring, injuries, and other damages, was in substantially the same condition on the day of the occurrence as when it left Defendant BIC's possession.

22. The disposable BIC lighter at issue (and other similar disposable BIC lighters), was advertised, marketed, sold, distributed, and placed into the stream of commerce through the commercial activities and engagement of BIC, who in turn provide them to retailers like Castalian Springs Market Gas Station, who in turn sell the products to consumers like Ms. Boze.

23. The disposable BIC lighter at issue was actively accompanied or should have been accompanied by marketing materials because these products are actively marketed through established channels by which consumers could receive them, and the Defendants named herein purposely availed themselves of the privilege of conducting business in Tennessee by placing products including the disposable BIC lighter at issue, into the stream of commerce, regularly using a network of importers, wholesalers and distributors in the United States to cover the entire country, including the State of Tennessee, without restriction.

24. All Defendants named herein conduct business throughout the United States; Tennessee and Sumner County, Tennessee through the operation of fully interactive, commercial

on-line market places operating on the internet and through distribution and sales channels, including on the internet and sales directly to consumers and/or retail stores such as Ms. Boze.

## FACTUAL BACKGROUND

25. The subject lighter is designed to provide a controlled flame for users to ignite objects such as cigarettes and candles.

26. The subject lighter accomplishes its design purpose through a series of component parts, including the sparkwheel, flint, jet, valve, body, guard, hood, fork, fork spring, flint spring, base, and ball. The below image accurately depicts the subject lighter's general anatomy and provides a brief description of each component:[1]



27. When a user rotates the spark wheel with sufficient speed and force and concurrently depresses the fork and fork spring, the subject lighter is designed to create a spark and ignite a stream of butane gas released through the valve and jet, creating a flame.

---

[1] Image gathered from https://www.mybiclighter.com/en/safety-quality/how-does-bicr-lighter-work (last accessed August 27, 2020)

28. When a user releases the fork and fork spring, the subject lighter is designed to "automatically stop[] the flow of gas from the valve," thus instantaneously extinguishing the flame.

29. According to BIC, "Every BIC lighter undergoes more than 50 automatic quality and security checks before leaving the factory."[2]

30. BIC further certifies that every lighter BIC produces "meet[s] or exceed[s] specifications of the ISO 9994 safety standard to satisfy consumers' quality and safety requirements."[3]

31. Pertinent to this case, ISO 9994 controls the standards and quality assurance processes with which BIC must comply with respect to flame extinction. For the subject lighter, ISO 9994 required BIC to test the subject lighter and verify that, after being lit for ten seconds, the subject lighter's flame completely extinguished within two seconds after releasing the subject lighter's fork and fork spring.

32. Contrary to BIC's representations, however, BIC did not test the subject lighter as required by ISO 9994 and chose not to comply with its own purported quality assurance processes.

33. Had BIC complied with ISO 9994 and its own stated quality assurance standards as BIC represents to consumers, BIC would have discovered the subject lighter's defective condition, the subject lighter would have been removed from commerce, and Ms. Boze's injuries would not have occurred.

34. BIC's decision to shortcut quality assurance and failure to comply with industry standards was driven primarily—if not exclusively—by financial considerations.

---

[2] https://www.bicworld.com/en/our-products/lighters (last accessed October 12, 2020).
[3] https://www.mybiclighter.com/en/faq/performance-quality-and-product-safety (last accessed October 12, 2020).

35. Unfortunately, this is not the first time a consumer has been injured by a defective BIC lighter that failed to extinguish after the lighting apparatus was released; the defective condition alleged in this lawsuit has plagued BIC and its lighters and has been the subject of numerous personal injury claims since the mid-1990's.

36. Notwithstanding ongoing problems with its lighters and a grossly deficient quality assurance process, BIC continues to place defective lighters into the marketplace in blatant disregard of public health and safety.

37. Ms. Boze has been smoking cigarettes for nearly forty years; she has been using BIC lighters to light her cigarettes for approximately the same time frame. She was very familiar with their operation.

38. Over the years, Ms. Boze has purchased several disposable BIC lighters from Castalian Springs Market Gas Station, prior to the subject incident.

39. Sometime between October and November of 2019, Ms. Boze visited Castalian Springs Market gas station to purchase the subject lighter.

40. On December 28, 2019, Ms. Boze used the subject lighter to light a cigarette.

41. After she finished lighting the cigarette, she released the subject lighter's fork and fork spring.

42. Unbeknownst to Ms. Boze, the subject lighter did not automatically and instantaneously extinguish as it was designed to do when she released the subject lighter's fork and fork spring.

43. Instead, the subject lighter remained lit and quickly ignited Ms. Boze's pajamas and engulfed her in flames.

44. Ms. Boze suffered second and third degree burns as a result.

45. Following debridement and grafting surgeries, Ms. Boze is now permanently disfigured.

46. Shortly following the incident that caused Ms. Boze's injuries, Ms. Boze's son and daughter both were able to depress the subject lighter's fork and fork spring where the lighter did not automatically and instantaneously extinguish similar to seen in the photo showing an exemplar disposable BIC lighter manifesting the defect:



47. BIC is in the business of and derives substantial profit from designing, manufacturing, distributing, supplying, and selling a wide range of consumer goods, including pocket lighters like the subject lighter

48. BIC designed, manufactured, distributed, supplied, and/or sold the subject lighter and is otherwise responsible for placing the subject lighter into the stream of commerce.

49. The subject lighter is a "product" within the meaning of TENN. CODE ANN. § 29-28-102(5).

50. Ms. Boze used the subject lighter in a reasonably foreseeable manner for its intended purpose.

51. As a direct and proximate result of the malfunction of the subject lighter, Ms. Boze suffered serious injury, including, but not limited to, catastrophic, permanent injury and disfigurement to her left shoulder and chest; conscious pain and suffering, mental anguish and emotional distress; and incurred medical, hospital, and caretaking expenses.

**CAUSE OF ACTION
PRODUCTS LIABILITY ACTION PURSUANT
TO TENN. CODE ANN. § 29-28-101 *et seq*.**

**COUNT I
STRICT LIABILITY AGAINST BIC**

52. Paragraphs 1 – 51 are incorporated by reference as if fully stated herein.

53. BIC designed, manufactured, and otherwise placed the subject lighter into the stream of commerce.

54. The subject lighter was defective at the time the subject lighter was sold to Ms. Boze.

55. The subject lighter was not merchantable or reasonably suited for its intended use at the time the subject battery was sold to Ms. Boze.

56. The subject lighter at the time of the incident was in substantially similar condition as when it left possession of BIC.

57. The subject lighter's condition at the time it was sold to Ms. Boze is the actual and proximate cause of Ms. Boze's injuries and damages.

58. As a direct and proximate result of the defective subject lighter and BIC's strictly liable conduct, Ms. Boze suffered serious injury, including, but not limited to, catastrophic, permanent injury and disfigurement to her chest and shoulder; conscious pain and suffering, mental anguish and emotional distress; and incurred medical, hospital, and caretaking expenses.

## COUNT II
## NEGLIGENCE AGAINST BIC

59. Paragraphs 1 –51 are incorporated by reference as if fully stated herein.

60. BIC knew or in the exercise of due care should have known that the subject lighter would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users, including Ms. Boze.

61. BIC was under a duty to properly and adequately inspect, test, distribute, instruct, warn, and/or sell the subject lighter in a reasonably safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Ms. Boze.

62. BIC owed a duty to provide adequate warnings, instructions, and information with the subject lighter.

63. BIC breached the above duties.

64. BIC's breach of the above duties actually and proximately caused injury and damage to Ms. Boze.

65. As a direct and proximate result of the foregoing actions or inactions of BIC, Ms. Boze suffered serious injury, including, but not limited to, catastrophic, permanent injury and disfigurement to her shoulder and chest; conscious pain and suffering, mental anguish and emotional distress; and incurred medical, hospital, and caretaking expenses.

## COUNT VIII
## COMPENSATORY DAMAGES AND REQUESTED RELIEF

66. Ms. Boze would show that as a direct and proximate result of the acts and omissions of Defendant BIC, as previously set forth, Ms. Boze sustained harms, injuries and damages and pray for the following relief against Defendant BIC for the following:

   a. Compensatory damages in the amount that the trier of fact deems just, not to exceed the sum of $1 Million Dollars ($1,000,000.00).

   b. All costs of the Court and all discretionary costs, including but not limited to all expert fees, court report fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs allowable by statute, common law and/or pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, to be taxed to the Defendant BIC immediately upon entry of any judgment in this cause;

   c. All pre-judgment interest and post judgment interest allowable by common law or statute as part of the relief requested herein;

   d. Trial by jury on all issues; and

   e. Such other further relief as this Honorable Court deems appropriate

## JURY DEMAND

**PLAINTIFF** hereby demands a jury trial on all issues so triable.

Dated: October 30, 2020

MORGAN & MORGAN, P.A.

Respectfully submitted,

/s/ *Joshua D. Moore*
Joshua D. Moore, Tenn. Bar. No. 26491
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
Orlando, FL 32802-4979
Email address:
joshmoore@forthepeople.com

Secondary email address:
ksalce@forthepeople.com
Telephone Phone: (407) 420-1414
*Attorney for Plaintiff*