IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH S. TEEPLES, <br> Administrator Ad Litem for <br> CHARLOTTE S. BOZE, <br>     Plaintiff, <br> <br> v. <br> <br> BIC USA, Inc., <br>     Defendant. | Case No. 3:20-cv-941 <br> Judge Campbell/Frensley |

## **MEMORANDUM AND ORDER**

This matter is before the Court on two opposing motions, both concerning admission of expert witness disclosure. Defendant, BIC USA, Inc. ("BIC"), filed a "Motion to Exclude Late-Disclosed Expert Witness Information, for Discovery Conference, to Temporarily Stay Discovery, and Modify Agreed Case Management Order" ("the Motion to Exclude") (Docket No. 36). Eight days later, Plaintiff, Deborah S. Teeples, filed a "Motion for Leave to Serve Plaintiff's Rebuttal Expert Witness Disclosure and Report" ("the Motion for Leave") (Docket No. 38). Defendant has filed a Response and Objection to Plaintiff's Motion for Leave. Docket No. 41. Plaintiff has filed a Reply. Docket No. 42. The parties subsequently filed a "Joint Status Report and Motion for Modification of Case Management Order and Continuance of Trial Date" ("the Joint Motion") (Docket No. 43) seeking suspension of all dates in the current Amended and Agreed Case Management Order (Docket No. 31) and conference to modify the scheduling order and select a new target trial date.

Defendant submits that the Court should bar Plaintiff from disclosing any further expert witness information since the deadline for expert witness disclosure, January 31, 2022, set by the current Agreed Amended Case Management Order ("the Case Management Order") (Docket No.

31) has passed. Plaintiff seeks to admit the disclosure and report of Lila F. Laux, Ph.D. ("Dr. Laux") (Docket No. 38-3), after the expert disclosure deadline established by the Case Management Order. Docket No. 38, p. 1. Plaintiff argues that her filing of Dr. Laux's disclosure and report is: (1) timely under Fed. R. Civ. P. 26(a)(2)(D)(ii) as rebuttal evidence to Defendant's expert witness disclosures and reports (Docket Nos. 33, 41-1) because Dr. Laux's disclosure and report was served within thirty days of Defendant's disclosure; and (2) permitted by the Case Management Order because she has shown "good cause" for seeking a rebuttal expert report and opinion, which is all the Case Management Order expressly requires. Docket No. 38, pp. 2-4; Docket No. 31. For the foregoing reasons, Defendant's Motion is **DENIED** in part and **GRANTED** in part, and Plaintiff's Motion is **GRANTED.**

I. BACKGROUND

This is a products liability and negligence action wherein Defendant allegedly produced and sold Plaintiff a defective lighter and failed to provide adequate warnings of the dangers it posed. Docket No. 1, pp. 11-12. Plaintiff further claims the lighter failed to extinguish when it was designed to, and, as a result, the lighter set fire to Plaintiff's clothes, severely burning her. *Id.* at 9. At issue in the instant motion is Plaintiff's late designation of an expert witness, Dr. Laux, well past the deadline established in the Case Management Order. Docket No. 38, p. 1. The Court issued an Initial Case Management Order on January 15, 2021, which required Plaintiff to disclose all expert witnesses and expert reports on or before October 15, 2021. Docket No. 17, p. 3. A subsequent order set the case for trial on December 6, 2022. Docket No. 18, p. 1. The parties later agreed to amend the initial case management order, creating the Case Management Order. Docket No. 31. The amendments extended, *inter alia*, Plaintiff's expert disclosure deadline to January 30,

2

2022.[1] *Id.* at 1. No express deadline was set for supplemental expert reports or rebuttal experts in either the initial or the amended case management order, but both orders included the language: "No supplemental expert reports or rebuttal experts shall be allowed, *except upon order of the Court for good cause shown*." Docket No. 17, p. 3; Docket No. 31, p. 2 (emphasis added). The Case Management Order additionally set May 15, 2022, as the expert deposition deadline and May 30, 2022, as the dispositive motion deadline. Docket No. 31, p. 2.

In accordance with the Case Management Order, Plaintiff timely disclosed one expert witness, Mr. Peter Layson, and provided an accompanying expert report compliant with Fed. R. Civ. P. 26(a)(2)(B) on January 31, 2022. Docket No. 36, p. 1. Mr. Layson is a forensic scientist and engineer retained by Plaintiff to perform forensic evaluation of the subject lighter to determine if it contained any defects or deficiencies that could have caused Plaintiff's injuries. Docket No. 41-2, p. 3. In the following weeks, Mr. Layson virtually attended a joint inspection of the subject lighter and received the data gathered during the inspection. Docket No. 41-3, p. 5. On March 30, 2022, Defendant timely disclosed and provided reports by four liability experts. Docket No. 36, p. 2. These included: Mr. Jeffry Kupson, the Compliance Quality Director of BIC, who concluded the lighter had been "abused" and contaminated with a sticky liquid which led to its non-extinguishment on the day of Plaintiff's injuries (Docket No. 41-1, p. 16); Dr. Daniel Gottuk, a fire dynamics and forensic fire detection expert, who concluded the same and that the lighter cannot be shown definitively to have caused Plaintiff's injuries (Docket No. 41-1, p. 44); Dr. Richard Roby, a combustion science and engineering expert, who concluded that a cigarette, not BIC's lighter, caused Plaintiff's clothes to ignite (Docket No. 41-1, p. 62); and Dr. Jack Auflick,

---

[1] The Case Management Order sets "on or before January 30, 2022," as Plaintiff's deadline for identification and disclosure of all expert witnesses and expert reports. Docket No. 31, p. 2. Because January 30, 2022, was a Sunday, Plaintiff's final day is extended to the next business day. Fed. R. Civ. P. 6(a)(1)(C). Thus, Plaintiff's actual deadline was January 31, 2022.

3

a human factors and engineering psychology expert, who offered conclusions about Plaintiff's failure to appreciate the warnings and hazards associated with the lighter in question.

As both parties negotiated deposition dates for each other's expert witnesses, Plaintiff informed Defendant that Mr. Layson would be providing a supplemental report, which would fold in the newly gathered information from the joint inspections to his original report's findings. Docket No. 36, p. 2. Defendant objected to Plaintiff but Plaintiff did not respond, prompting Defendant to file the Motion to Exclude on April 25, 2022, to prevent Plaintiff from submitting a supplemental report.

On May 2, 2022, ninety-one days after Plaintiff's disclosure deadline and thirty-three days after Defendants' disclosure, Plaintiff filed its Motion for Leave to disclose a new "rebuttal" expert, Dr. Laux. Docket No. 38, p. 2. Dr. Laux describes her report as "provid[ing] rebuttal to the human factors, and warning issues, raised in Defendant BIC USA, Inc.'s Expert Disclose and Reports," specifically those of Dr. Auflick and Mr. Kupson. Docket No. 38-3, p. 5. Defendants filed a Response and Objection to Plaintiff's Motion for Leave (Docket No. 41), to which Plaintiff filed a Reply (Docket No. 42).

The parties have since entered an Agreed Order (Docket No. 40) allowing Mr. Layson to submit one supplemental report addressing the data received after the submission of his initial expert report[2] but leaving the admissibility of Dr. Laux's report for the Court to determine. Because the Case Management Order allows submission of supplemental expert witness reports by agreement of both parties, the Court denies Defendant's Motion to Exclude insofar as it requests

---

[2] Defendant agreed to not seek exclusion of the report in its entirety, but "reserves all objections to various substantive contents of the Report exceeding the scope of Mr. Layson's original January 31, 2022 Report, including but not limited to all opinions and testimony characterized or intended to be offered as 'rebuttal' of testimony offered by or Rule 26 Reports submitted by [Defendant's] timely declared experts." Docket No. 40, pp. 1-2.

the Court exclude the supplemental report of Mr. Layson. Plaintiff's Motion for Leave, as well as the remainder of Defendant's Motion to Exclude, is discussed below.

## II. LAW AND ANALYSIS

"A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." Fed. R. Civ. P. 26(a)(2). Under Rule 26(a)(2)(D),

> A party must make [expert testimony] disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) At least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is *intended solely to contradict or rebut* evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(i) – (ii) (emphasis added). Rebuttal evidence is evidence intended to "explain or controvert evidence produced by an adverse party." *Jernigan v. Paasche*, 637 S.W.3d 746, 760 (Tenn. Ct. App. 2021) (quoting *Godbee v. Dimick*, 231 S.W.3d 865, 877 (Tenn. Ct. App. 2006)).

Local Rule 39.01(a)(5)(D) for the Middle District of Tennessee sets the following rule for allowing rebuttal experts: "No rebuttal expert witnesses shall be permitted at trial, absent timely disclosure in accordance with these Rules and leave of Court." The rules only require that "Expert witness disclosures must be made in timely accordance with any order of the Court, or if none, in accordance with Fed. R. Civ. P. 26(a)(2)." L.R. 39.01(a)(5)(C).

Under Fed. R. Civ. P. 37(c)(1), when a party fails to provide information or identify a witness as required by Fed. R. Civ P. 26(a) or (e), that party is presumptively not allowed to use

5

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Nonetheless, the appropriate sanction for such a violation remains in the discretion of the trial court. *Sommer v. Davis*, 317 F. 3d 686, 692 (6th Cir. 2003). To resolve the issue presented by the present motions, the Court must answer three questions: 1) whether the Plaintiff violated Rule 26(a) by not making a timely disclosure of her expert witness; if so, 2) whether the failure to disclose was substantially justified or harmless; and, if not, 3) what sanction should be imposed. *Campbell v. Cheatham Cnty.*, No. 3:19-cv-0151, 2020 WL 11191823, at *3, 2020 U.S. Dist. LEXIS 259050, at *4 (M.D. Tenn. Aug. 19, 2020).

    A.    **Violation of Rule 26(a)**

    1.    **Rules Governing Rebuttal Expert Witness Disclosure and Supplemental Reports**

Plaintiff may disclose a rebuttal expert witness if she does so in a timely manner and with leave of Court. L.R. 39.01(a)(5)(D). To disclose a rebuttal expert witness in a timely manner, a party must comply with the time set by either an order of the Court or, if there is none, the Federal Rules of Civil Procedure. L.R. 39.01(a)(5)(C). Plaintiff failed to comply with the thirty-day deadline imposed by Fed. R. Civ. P. 26(a)(2)(D)(ii).[3] The Case Management Order provides no specific deadline for disclosing rebuttal experts, but states: "No supplemental expert reports or rebuttal experts shall be allowed, except by agreement of the parties or upon order of the Court for good cause shown." Docket No. 31. This is plainly an order of the Court under Local Rule 39.01(a)(5)(C). Even though it does not express a specific date, it sets an implicit time by which

---

[3] Plaintiff states that the final day of the thirty-day deadline fell on Saturday, April 30, 2022, which excuses Plaintiff's filing of her motion after the thirty-day deadline required by Fed. R. Civ P. 26(a)(2)(D)(ii) because Plaintiff was permitted to serve on the next working day. Docket No. 38, p. 3. While Plaintiff correctly restated the rule for calculating the final day of a deadline (Fed. R. Civ. P 6(a)(1)(C)), she incorrectly counted the days on her calendar. March has a thirty-first day, which makes thirty days after March 30, 2022, fall on Friday, April 29, 2022. Thus, filing on May 2, 2022, constituted late filing under Fed. R. Civ. P. 26(a)(2)(D)(ii).

6

a party must disclose a rebuttal expert witness: any time there is good cause. Any deadlines set by Federal Rule of Civil Procedure 26 are thus preempted by that order for the purpose of determining timely disclosure. L.R. 39.01(a)(5)(C); Fed. R. Civ. P. 16(b)(3)(B)(i). If Dr. Laux is a rebuttal expert and Plaintiff shows good cause, the Court may order disclosure.

  **2. Whether Dr. Laux is a Rebuttal Expert**

After thoroughly reviewing the reports of Dr. Laux, Dr. Auflick, and Mr. Kupson, the Court finds Dr. Laux is a rebuttal expert offered to directly address the opinions of Dr. Auflick and Mr. Kupson. Dr. Laux unquestionably attempts to "explain or controvert evidence produced by an adverse party." *Jernigan*, 637 S. W. 3d at 760. Dr. Laux not only cites to several portions of Dr. Auflick's and Mr. Kupson's opinions but makes specific conclusions that serve only to poke holes in their conclusions. Docket No. 38-3, pp. 8-10, 12. With regard to Dr. Auflick's expert report, Dr. Laux states:

> Dr. Auflick evidently believes that Ms [*sic*] Boze was a "reasonably attentive user" but fails to consider her age and medical conditions and her likely vision impairment. Older users and users with physical disabilities such as arm/hand tremors and weakness or poor right hand grip could foreseeably drop the lighter when using it.

*Id.* at 5.

Dr. Laux additionally attempts to contradict statements by Mr. Kupson, asserting:

> Mr. Kupson, BIC's expert, stated that the BIC had been "abused" and that there was a sugary substance that affected its performance. He further stated that "the residues from the sugary liquid observed on the Subject Lighter resulted in a performance impairment that developed progressively over time and did not happen immediately when the contamination occurred." He further stated that as this condition developed, it would have been apparent to any user attempting to operate the lighter that the Subject Lighter was not properly extinguishing.
>
> On its web site BIC has the following information: "Americans don't understand the lack of safety requirements for lighters,

<u>suggesting they are not taking the appropriate precautions.</u>"

*Id.* at 8 (emphasis in original).

These are only two of several examples of Dr. Laux's direct citation to and rebuttal of Defendant's expert reports. Based on the nature and content of Dr. Laux's expert report, the Court is satisfied that her purpose is solely to "explain or controvert evidence produced by an adverse party" and accordingly determines Dr. Laux to be a rebuttal expert.[4] *Jernigan*, 637 S.W.3d at 760.

### 3. Whether Plaintiff has Shown Good Cause

Plaintiff effectively submits five reasons for why she has established good cause to allow a rebuttal expert. *Id.* First, Plaintiff states she complied with the thirty-day deadline set by Rule 26(a)(2)(D)(ii) for submitting rebuttal expert evidence. *Id.* at 3. Second, Plaintiff claims Defendant "injected issues of human factors and warnings into this case," an issue Plaintiff argues is an affirmative defense for which Defendant bears the burden of proof using the expert reports of Dr. Auflick and Mr. Kupson. *Id.* Plaintiff continues that she should thus have the opportunity to present an expert in opposition to Dr. Auflick and Mr. Lupson, and because she did not know Defendant would present expert testimony on these issues until after her expert disclosure deadline had passed, she has good cause to seek permission to disclose after the deadline. *Id.* Third, Plaintiff claims that Dr. Laux's report is solely being used to rebut Defendant's expert opinions and offers no new opinions that should have been disclosed on or before January 31, 2022. *Id.* Fourth, Plaintiff argues that permitting disclosure would not prejudice BIC or cause any delay with other deadlines in the Case Management Order. *Id.* Finally, Plaintiff claims that she would be "tremendously prejudiced" should the Court refuse to permit disclosure because BIC's experts

---

[4] The Court warns Plaintiff that Dr. Laux's expert report is only being admitted for the limited purpose of rebuttal. The Court reserves the right for Defendant to raise any objections to additional testimony or evidence introduced by Dr. Laux that falls outside this limited scope.

8

have raised "a defense created solely for litigation" that Plaintiff could not adequately rebut without Dr. Laux. *Id.* at 4.

Defendant responds that Dr. Laux is not a rebuttal expert at all, but to the extent she might be found to be one, neither the Case Management Order nor the Local Rules allow for disclosure of rebuttal experts. Docket No. 41, pp. 8-14. The Court will address each of Plaintiff's five arguments in turn.

First, as discussed *supra*, Plaintiff failed to comply with the thirty-day rebuttal expert deadline imposed by Fed. R. Civ. P. 26(a)(2)(D)(ii). Thus, Plaintiff does not establish good cause on this ground.

Second, the Court is inclined to agree with Plaintiff that BIC introduced novel issues through the report of Dr. Auflick that Plaintiff may understandably wish to retain an expert to dispute. Defendant is correct that Plaintiff "first 'injected'" failure to warn issues into this case when she leveled the accusation that "[Defendant] owed a duty to provide adequate warnings, instructions, and information with subject lighter" which she alleges Defendant breached. Docket No. 41, p. 3; Docket No. 1, p. 12. However, Defendant incorrectly draws the conclusion that Plaintiff therefore should have known to disclose all experts who would speak to *any* failure to warn on or before her initial disclosure deadline. Docket No. 41, p. 4. Not so. Here, the failure to warn claim Plaintiff alleged in her Complaint and through the report of Mr. Layson is not identical to the failure to warn theory Plaintiff is now attempting to advance through Dr. Laux's report. A close reading of Mr. Layson's expert report shows Plaintiff was specifically claiming that Defendant failed to warn consumers that its lighter could maintain a flame for longer than a couple seconds without human input. Docket No. 41-2, p. 7. Defendant then disclosed reports from experts who claimed an ordinary consumer of their products would understand that liquids could

9

contaminate a lighter and cause that lighter to malfunction. Docket No. 41-1, p. 10. Plaintiff now offers Dr. Laux for her opinion that Defendant failed to warn its consumers of that particular risk: that liquid could contaminate a lighter and cause it to malfunction. Docket No. 38-3, p. 13. This failure to warn theory is sufficiently distinct from Plaintiff's original failure to warn claim for the Court to find Plaintiff has good cause to seek permission to disclose this expert after the January 31, 2022, deadline.

Third, based on the evidence presented, the Court agrees with Plaintiff's claim that "Dr. Laux is not offering any opinions that aren't directly to rebut Mr. Kupson and Dr. Auflick." Docket No. 38. The limited scope of Dr. Laux's report relieves the burden placed on Defendant by permitting disclosure of an otherwise unexpected expert witness because Defendant is not being sandbagged with novel claims long past Plaintiff's filing of her complaint. Dr. Laux will only testify to issues raised by Defendant's own experts. Accordingly, good cause exists to permit disclosure on these grounds.

Fourth, although there is prejudice to BIC and delay caused by service of Dr. Laux's rebuttal report after Plaintiff's January 31, 2022, expert disclosure deadline, the Court finds the prejudice is not so substantial as to defeat Plaintiff's good cause showing. The Court's Case Management Order only requires that good cause be shown to request disclose of a rebuttal witness. Docket No. 31, p. 2. This requirement is purposefully lenient. The Court firmly believes counsel should be afforded the opportunity to structure their case however they find most effective while upholding the principles of fair play and justice. Therefore, Plaintiff should be allowed to make use of any expert she determines is worth the cost and necessary to meet her burden of proof, as long as doing so would not greatly prejudice Defendant. The Court finds the disclosure of Dr. Laux does not.

Defendant's argument that Dr. Laux's disclosure contains "an entire rework of the plaintiffs' working theory of liability consisting of some seventeen (17) pages and numerous attachments, lists, appendices and scientific references which, if allowed, would require extensive review" is demonstrably hyperbolic. Docket No. 41, p. 14. Dr. Laux's report is barely over nine pages of her written opinion, a significant portion of which are quotations of Defendant's own expert witnesses, which Defendant should be thoroughly familiar with. Docket No. 38-3, p. 5-14. The remaining pages consist of an appendix of materials Dr. Laux reviewed, four-and-one-half pages of simple questions that Dr. Laux typically uses in heuristic evaluations of whether a product contains adequate warnings, and an invoice. *Id.* at 15-21. This does not constitute a complete overhaul of Plaintiff's case and certainly should not impose an undue burden on Defendant. Dr. Laux's curriculum vitae (Docket No. 42-1) and testimony list (Docket No. 42-2) are the only documents the Court expects to be time-consuming to review.

Fifth, the Court finds that there would be prejudice, albeit negligible, to Plaintiff were Dr. Laux's report to be excluded. In the Court's view, Dr. Auflick's and Mr. Kupson's conclusions about issues relating to liquid contamination warnings are not so intricate that Plaintiff would be left defenseless at trial without Dr. Laux. As evidenced by the arguments Plaintiff raised in her Motion for Leave, an expert witness is not necessary to argue against Defendant's contention that consumers were adequately warned about the dangers of contaminated lighters. Docket No. 38, p. 4. However, it is not for the Court to impose its view of how to litigate on the parties. Plaintiff, and Plaintiff alone, must weigh the costs and benefits and determine whether an expert witness is a worthwhile investment. Far be it from the Court to second-guess Plaintiff's conclusion. Thus, the Court agrees Plaintiff has shown good cause to permit disclosure of Dr. Laux on these grounds.

Because the Court finds Plaintiff did not violate the Case Management Order, the Court

11

will not consider whether any sanctions should be levied against Plaintiff under Fed. R. Civ. P. 37.

### B. Staying Discovery and Modifying the Case Management Order

Defendant, and both parties through the Joint Motion, additionally requests that a case management conference be scheduled, an Order be issued temporarily staying discovery, and the Case Management Order be modified as necessary in light of the delays caused by the dispute before the Court. The Court agrees such measures are necessary to ensure compliance with the Case Management Order, as several deadlines have passed while the parties awaited rulings on the motions before the Court. Accordingly, Defendant's Motion (Docket No. 36) is granted insofar as it requests scheduling a case management conference and temporary staying discovery.

### III. CONCLUSION

Deadlines matter. Neither party should read this opinion as opening the floodgates to let in an endless stream of rebuttal evidence from either side in flagrant disregard of the deadlines imposed by the Court in the Case Management Order. The Court finds Plaintiff has demonstrated good cause to disclose an expert witness to rebut Defendant's expert witnesses and excuse the one-day delay in disclosing the expert.

For the reasons set forth herein, Defendant's Motion to Exclude (Docket No. 36) is **DENIED in part and GRANTED in part**, and Plaintiff's Motion for Leave (Docket No. 38) is **GRANTED**. A case management conference to discuss modifying the scheduling order and select a new target trial date will be set by a separate order.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**