# EXHIBIT 11

## Declaration of Stephen J. D'Amico, M.D., CMD

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DEBORAH S. TEEPLES as Personal Representative of Charlotte S. Boze, Deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) ) ) ) | **CASE NO. 3:20 –cv- 00941**<br>**Judge Campbell**<br>**Magistrate Judge Frensley**<br>**Jury Demand** |
| **BIC USA INC.,** ) | |
| **Defendant.** | |

## DECLARATION OF STEPHEN J. D'AMICO, M.D., CMD

COMES NOW the undersigned **Stephen J. D'Amico, M.D., CMD** and avers the following:

1. I am **STEPHEN J. D'AMICO, M.D., CMD,** am over the age of eighteen years, and make this declaration of my own personal knowledge.

2. I am an internist and geriatric specialist in private practice at Cornerstone Medical Group, PC, which evaluates and treats adults and individuals with chronic diseases. I have been licensed to practice medicine in the United States since 1987 and in the state of Tennessee since 1988. I am a Certified Medical Director through The American Board of Post-Acute and Long-Term Care Medicine and a Founding Fellow of the Southern Association of Geriatric Medicine. As a specialist in geriatric medicine, I have extensive experience dealing with persons who suffer from chronic conditions including cognitive disorders and their impact on daily living. I am the Medical Director for Deberry Special Needs Facility in Nashville. I co-founded Geriatric Research

1

and Evaluation, Inc., GRAE, which assists individuals, families and organizations on aging and behavioral issues, including chronic disease management, treatments and prognosis, memory loss, placement and family concerns. I am on the American Medical Director Association, AMDA, Committee for Assisted Living Reform, and I have over thirty years of experience with caring for individuals with chronic disease, dementia, behavioral health and other cognitive impairments in the office, hospital, nursing home, assisted living communities, residential care homes and other long-term care settings. My training, experience and various medical positions are more completely set forth in my previously-filed affidavit, Rule 26 report, Curriculum Vitae and related materials, which I adopt and incorporate by reference herein.

3. I have reviewed various case materials and the medical records of Charlotte S. Boze, including those referenced in my previous affidavit and Rule 26 Report, as they relate to the reported burn incident of December 28, 2019 and Ms. Boze's medical conditions and progression both before and after the reported burn incident. I adopt and incorporate by reference the facts and opinions set forth in my previous affidavit and Rule 26 report as if restated here.

4. The burn received by Ms. Boze on December 28, 2019 was confined to the upper left chest, and as documented in her medical records was less that 4% total body surface area. This burn was properly treated at Vanderbilt University Medical Center, and healed well and without complications. Unfortunately, however, Ms. Boze had multiple pre-existing co-morbidities in her general health condition long before this incident, including progressive Lewy body dementia, right-sided dystonia (right-had tremor) and other conditions. Following her treatment at Vanderbilt, Ms. Boze went to live with her daughter Deborah Teeples, who became her primary in-home caregiver.

2

5. Despite the fact that several of her general health conditions worsened over time, my review of Ms. Boze's medical records reveals and it is my opinion that from the time of her incident through November 2020 (a period of approximately 11 months), Ms. Boze would have been capable of understanding and responding to questions, giving a written or recorded statement, and/or participating in a deposition related to events surrounding her burn incident. It must be understood that her cognitive capabilities were diminishing over time, but this was not necessarily a linear progression. Her deteriorating condition would have been known to her family members and caregivers with whom she was living, including but not limited to Ms. Teeples.

6. From early December 2020 through March 2021, Ms. Boze's mental and neurological deficits from Lewy Body dementia advanced more markedly. During this period, it is my opinion that she still would have been able to participate in answering questions and giving a statement or testimony consistent with conditions as noted in her medical records, although her ability to remember certain events and respond to questions would have further diminished as more time passed. Finally in March 2021, she was referred to in-home Hospice care, and her condition steadily worsened thereafter until her death on May 31, 2021. Her course during this final stage of life followed the path described in my previous affidavit, which is fairly typical of patients suffering from her terminal disease. Ms. Teeples again was well aware of her mother's decline during this time as documented in her medical records, and remained her principal in-home caregiver with assistance of Hospice personnel and other family members.

7. There is no way to predict with absolute certainty what Ms. Boze's recall or responses to specific questions would have been on any given day due to the nature of her disease. But it is certain that as time passed, her cognitive capabilities were diminishing and therefore it

would have been advisable for persons familiar with her condition to document her testimony sooner rather than later.

8.  My opinions are stated within a reasonable degree of medical certainty, and are based on my review of the case materials, medical records and my knowledge and experience.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

Stephen J. D'Amico, M.D., CMD

Date: October 18, 2023, 2023