UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH S. TEEPLES, in her capacity as Representative of the Estate of CHARLOTTE BOZE, | ) ) ) ) Case No.: 3:20-cv-00941 ) Judge Campbell |
| Plaintiff, | ) Magistrate: Frensley ) Jury Demand |
| v. | ) ) |
| BIC USA, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLIMENTAL MOTION FOR SANCTIONS**

Comes now Plaintiff, by and through undersigned counsel, and responds to Defendant's Refiled and Supplemental Motion for Sanctions Regarding Spoliation and Failure to Preserve Evidence and states as follows:

**Facts**

Despite Defendant's gish gallop of a Supplemental Motion, the facts here are fairly simple. Now-deceased Plaintiff's shirt caught ablaze, Plaintiff (through the Representative of her Estate) asserts it was due to a design defect, Defendant asserts for anything but that. In the immediate aftermath, Plaintiff's family disposed of the shirt and cleaned the area, not yet fully appreciating its relevance, in haste as minor children were coming over, while eventually finding and preserving the lighter itself. Thereafter, things ramped up to litigation. During the discovery process, but before any depositions could be taken, Plaintiff herself rapidly deteriorated from a chronic condition she had theretofore been maintained well, and died in the course of approximately two months.

1

From this inch of facts, Defendant has elected to compose miles of conjecture and claim a series of unrelated and tangenitally related actions should serve as bases for dismissal without even hearing the merits of the underlying claim. Their general allegations are as follows:

1. Failure to preserve a variety of items in the room, photograph the room itself, or not sell the house of their now dead mother constitutes spoliation of evidence;
2. Failure to let Defendant know of Plaintiffs theretofore well-maintained chronic condition so they could interview her constitutes spoliation of evidence.

For the following reasons, that is incorrect.

## **Physical Evidence**

There are three individuals, outside of counsel and experts, related to this claim for sanctions, Plaintiff Charlotte Boze, her Estate's Representative Deborah Teeples, and Billy Boze, her son who found her and took some actions around the fire in the aftermath. Of these individuals, Ms. Teeples is a retired low-level medical account manager (Deposition of Teeples, 31:3-32:8), and Mr. Boze worked in construction (Deposition of Boze, 12:20-24), and the Plaintiff herself was long retired special education bus driver prior to her death (Deposition of Teeples, 36: 4-11). Defendant seems to have expected people with these resumes to respond to the situation as professional arson investigators, following strictly the National Fire Protection Association's standards and knowing to preserve a laundry list of nearby items to preserve the Fourier transform infrared spectroscopy and energy dispersive x-ray spectroscopy. Surely this should have been in a SPED bus driver's knowledge set.

Plaintiffs and the people around her either felt or came upon Plaintiff after having burned, and over the course of a couple days put together that the cause was likely a faulty lighter, with the only other immediately reasonable cause, the cigarette, having been disposed before they fully appreciated the situation and "cleaned up" the 3-4 square feet of surface area where burning happened. To have expected a normal family to know the full panoply of scientific arguments,

much less practically be able to preserve the area in amber, is facially absurd. Doubly so when considering the entire sad situation, from those individuals' perspectives, was limited to, at it is absolute most generous, the area immediately underneath the chair Plaintiff was seated in. Even moreso when considering even the Defendant admits such evidence "would not have been visible to the naked eye." Defendant's entire argument as to the non-professional parties simply assumes a perfectionism that is not there.

The arguments as to the professional parties, the experts and the lawyers, also falls flat. Certainly the fact that Plaintiffs' own expert did not review the site itself can be used to impeach the expert or undermine the results if such occasion arises, but that is Plaintiff's issue, it hardly in and of itself compels the enforcement of sanctions. As to the actions of counsel, this is a relatively localized fire (again, only 3-4 feet of slightly seared flooring), with what relevant objects that existed upon counsel's entrance into the case preserved to the degree it could. Knowing this, Defendant cites a list that, while impressive in its length, when actually analyzed is marginally relevant ("water bottle on the side table"), facially speculative or even counterfactual ("matches or lighters that may have been used as ignition sources") or not even truly descriptive ("any personal items").

Considering the marginal value of the items on this list and weighing them against the cost of preserving the space in amber while real life continues, allowing the house to be sold and the objects, whose only real relevance is they might contain trace, microscopic elements of a nearby blaze, the weighing is clear. As to allowing inspection, this to some degree assumes that Plaintiff can reasonably anticipate Defendant's arguments, or indeed the scenarios they are capable of conceiving in their own head. Plaintiff reasonably weighed the evidence and did not see the state of the room as terribly relevant, and could not have reasonably anticipated the Defendant would see

3

the room as so key given the facts here. This is proven by the fact, stressed by opposing counsel, that they did not even find it relevant enough to have their own expert review the area.

The unstated assumption that underpins this motion is found on page 11 of the Motion:

> It is very likely that the remaining physical evidence and the testimony of Ms. Boze would have corroborated [Ms. Boze's] own initial admissions to medical providers about the source of ignition and cause of her burn incident

Nevermind that Defendant simultaneously argues in the same Motion she told Mr. Boze in the ambulance that the origin was the lighter for the purposes of notice.[1] Nevermind there is no evidence she said this versus this being hearsay by a medical expert who misinterpreted her story. The broader point is these gaps, some real and unfortunate but explicable (i.e. the lack of testimony, the lack of the shirt) and some invented whole-cloth (i.e. preserving a nearby water bottle for spectrographical analysis), have become a panacea for all of Defendant's factual woes. The arguments of its wildest dreams are hidden in those gaps, and if only they had not been discarded, THEN they would win. The actual story is simple, so a complicated tale must be weaved to explain its clear implications away.

### Testimonial Evidence

As to the lack of testimony, that can be disposed of even more simply. As the testimony shows, while Plaintiff did have a chronic disease, it was not terminal and had not created substantial indication it would kill her until her rapid deterioration in March of 2021. Indeed, even Defendants acknowledge she would have been cognizant up until March 2021, meaning they did not have notice of any need to promptly get deposition testimony from Plaintiff until, at most, two months before her death. Up to that point, the need to preserve evidence, i.e. memorialize Plaintiff's testimony, was not obvious to anyone involved with the Plaintiff and would not have

---

[1] A factual ambiguity which, for the purposes of this motion, should be resolved in favor of Plaintiff.

been so to a neutral, reasonable observer. All evidence shows that, while a chronic condition existed, the degradation in that condition was sudden and brutal.

Respectfully submitted,

*s/Brett Windrow*
Phillip S. Georges (TBPR #038360)
Brett Windrow (TBPR #038599)
PHILLIP S. GEORGES, PLLC
501 Union St., Ste 200D
Nashville, TN 37219
(615) 486-4115 ext. 702
phil@wolfpacklawyers.com
brett@wolfpacklawyers.com

AND

*s/Harris I. Yegelwel*
Joshua D. Moore (TBPR #026491)
Harris I. Yegelwel (Florida BPR #124285)
MORGAN & MORGAN, PA
20 N. Orange Ave., Ste 1600
Orlando, FL 32801
(407) 418-2081
hyegelwel@forthepeople.com
joshmoore@forthepeople.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that all participants in the Court's electronic filing system have been served electronically with this document on November 15, 2023, including:

Joseph R. Wheeler (TBPR #012847)
Jason K. Murrie (TBPR #027441)
CORNELIUS & COLLINS, LLP
211 Athens Way, Ste 200
Nashville, TN 37228
(615) 244-1440

*Attorneys for Defendant*

                        *s/Brett Windrow*
                        Brett Windrow