IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DEBORAH S. TEEPLES,** ) | |
|     **Plaintiff,** ) | |
| ) | **CASE NO. 3:20 –cv- 00941** |
| vs. ) | **Judge Campbell** |
| ) | **Magistrate Judge Frensley** |
| **BIC USA INC.,** ) | **Jury Demand** |
|     **Defendant.** ) | |

### DEFENDANT BIC USA INC.'s REPLY IN SUPPORT OF REFILED AND SUPPLEMENTAL MOTION FOR SANCTIONS

Comes now the Defendant BIC USA Inc. ("BIC"), and submits this brief Reply in support of its Refiled and Supplemental Motion for Sanctions due to plaintiffs' spoliation and failure to preserve physical evidence and witness testimony.

In addressing the issue of spoliation sanctions due to plaintiffs' failure to preserve evidence remaining after December 29, 2019, the Court's September 29, 2023 Memorandum Opinion and Order sought guidance on (1) "when a duty to preserve arose", (2) "the party's culpability in destruction of that evidence", and (3) "the relevance of the evidence."[1] The Court invited BIC to re-file its motion to address the issues identified in its Memorandum Opinion, and BIC did precisely that in great detail in its Refiled and Supplemental Motion.[2] BIC's re-filed submissions focused specifically on the Court's inquiries into: (a) plaintiffs' loss, spoliation and failure to preserve physical evidence following the date of the incident, and (b) plaintiffs' failure to preserve testimonial evidence of the sole eyewitness Charlotte Boze. In granular detail, BIC's re-filed submissions outlined additional facts and consequential impact surrounding the plaintiffs' loss, destruction and failure to preserve this evidence and testimony, as well as the resulting substantial prejudice suffered by BIC. The Motion is supported by all filings and evidence previously in the

---
[1] Document Number ("D.N.") 82, PageID #: 2230.
[2] D.N. 83, 83-1 through 83-4; D.N. 84.

record, three additional supporting affidavits, as well as additional exhibits and a supporting legal memorandum with legal authority addressing the issues raised by the Court.

Confronted with BIC's facts, evidence, and clearly-delineated consequential impact, plaintiff appears to have lost her appetite for explaining, much less challenging, the factual and legal bases for BIC's motion for sanctions. Instead, plaintiff's "response" fails to present any competent, admissible evidence that could controvert any of the evidence BIC has submitted, and fails to address the central concerns raised by the Court. Rather than make any substantive rebuttal, plaintiff attempts to criticize and belittle BIC's efforts to address the Court's concerns - ironically while failing to actually address them herself. Plaintiff's response presents a superficially critical and rambling argument that both misstates the facts, and fails to address the clear record evidence on numerous critical issues. Specifically:

1. Plaintiff fails to either address or rebut the timeline of critical events set forth in BIC's Motion. BIC's timeline clearly establishes the failure of Charlotte Boze, Deborah Teeples, their family members, ***and their legal counsel and expert witness*** to document and preserve the scene of the fire event and remaining physical evidence during the days, weeks and months following the fire. Contrary to their unsupported argument, numerous items of critical physical evidence (including the remains of the ignited match and cigarette described by Charlotte Boze, and other physical objects and evidence within the room and the home as described in the record) were ***not*** all innocently discarded during the brief cleanup by Billy Boze the afternoon of the incident. Instead, the only items of evidence lost that day were the burned remains of the shirt and the water he had poured on it, making a mess on the floor. ***The rest of the items in the universe of physical evidence documented in the record and explained in detail in the affidavit of Dr. Roby, remained and were capable of being documented, preserved and analyzed -- if BIC had been notified in a timely manner***.

2

2.       Plaintiff does not dispute that the Boze family including Charlotte, Deborah and Billy all were contemplating a claim related to a BIC lighter within approximately 24 hours after the incident.  Were this not so, undoubtedly plaintiff would have submitted affidavits denying that intention.  Regardless of plaintiff's argument now, their clear contemplation resulted in a duty to preserve the evidence.

3.       Although their response ignores the issue, plaintiffs' counsel also had obligations concerning the evidence.  As the Court correctly suspected, the plaintiffs consulted legal counsel long before April 2020 (as their filings had previously claimed).  ***Instead, the record establishes that plaintiff called Morgan & Morgan on February 18, 2020, just over 6 weeks after the incident.  By that time at the latest, plaintiffs and their counsel also had a duty to document and preserve any remaining evidence – and a duty to inform BIC so that it could do so***.  Plaintiff has neither addressed nor refuted any of the controlling authority cited in BIC's Motion on these issues.

4.       While plaintiff now seeks to summarily dismiss the existence of anything having "evidentiary value" following the day of the incident, this is yet another self-serving statement that is irreconcilable with the record.  There is no further sworn testimony or evidence from the plaintiffs themselves, their counsel, or their expert establishing what was done after the day of the fire with the physical evidence that BIC has identified, during the intervening 15 months between February 2020, and when the home was finally sold in May 2021.  The family and their counsel remained in exclusive control of the home and its contents throughout this time, while Billy Boze admittedly continued to live there.

5.       Despite the Court's stated concerns, plaintiff and her counsel still have failed to submit any admissible evidence or testimony regarding their failure to notify BIC of the incident or the ongoing disposal of evidence for almost a year, their failure to preserve Ms. Boze's testimony, and their failure to notify BIC and its counsel of Ms. Boze's steadily deteriorating

3

Case 3:20-cv-00941     Document 88     Filed 11/30/23     Page 3 of 5 PageID #: 2304

mental condition at any time before her death on May 31, 2020.  BIC was kept in the dark on all these issues.  Charlotte Boze was living with her daughter Deborah Teeples throughout this time, who as her daily caregiver was painfully aware of her mother's deteriorating condition.  Ms. Teeples' awareness is thoroughly documented in her mother's own medical records, and is further explained by Dr. D'Amico.  The failure of plaintiff and her counsel to take any steps to preserve Ms. Boze's testimony -- or at the very least to inform BIC so that it could choose to do so – simply cannot be excused here.  The plaintiff's latest suggestion that Ms. Boze was "well-maintained" throughout this time is a misleading oversimplification at best, and flies directly in the face of the plaintiff's own knowledge and her counsel's obligations in prosecuting this case.   In any event, the inescapable conclusion is that plaintiff Teeples and her counsel had at least 15 months of opportunities, but never had any intention of preserving Charlotte Boze's testimony -- **_because Ms. Boze's own repeated admissions were directly contrary to the unsupported lighter-theory narrative they have attempted to advance in their lawsuit_**.

## Conclusion

The arguments of "innocent ignorance" and attempts to deny responsibility can go only so far.  Since a few weeks after the incident, plaintiffs Boze and Teeples were represented by a firm that bills itself as the best and "largest personal injury firm in the world."[3]  BIC respectfully submits that the plaintiffs and their experienced attorneys absolutely knew better than to sit silently by for months while all exculpatory physical evidence related to their claimed incident was lost, discarded or destroyed; and while the only eyewitness steadily deteriorated beyond the point of being able to offer any testimony contrary to plaintiff's theory.  The resulting prejudice to BIC is undeniably established in the record, is profound, and is irreversible.

---

[3] *See* www.forthepeople.com, and any number of billboards, television advertisements, and city buses.

Plaintiff and her counsel were given two opportunities to clarify the record with admissible evidence on these various issues, but failed to do so. They now should be held accountable for the loss and/or destruction of critical physical evidence and eyewitness testimony. BIC respectfully submits that on this record, the Court is fully justified in imposing the discretionary sanctions of either (a) dismissal, and/or (b) exclusion of any argument, expert or lay witness testimony asserting that the subject BIC lighter was the actual source of ignition and cause of the Boze fire. These sanctions are narrowly tailored to address the loss of critical evidence and testimony on the issues of ignition source and fire causation resulting from the combined actions of the plaintiffs and their representatives and are the only way that the substantial prejudice suffered by BIC can be effectively remedied.

s/ Joseph R. Wheeler
Joseph R. Wheeler (12847)
Jason K. Murrie (27441)
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
P: (615) 244-1440
jrwheeler@cclawtn.com
jkmurrie@cclawtn.com
*Attorneys for Defendant BIC USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2023, the foregoing Reply was filed electronically through the CM/ECF system, which will serve the foregoing document and the notice of electronic filing by electronic mail to all CM/ECF participants, including:

| | |
|---|---|
| Harris I. Yegelwel, Esq. | Phillip S. Georges, Esq. |
| Joshua D. Moore, Esq. | Brett Windrow, Esq. |
| Morgan & Morgan, P.A. | Phillip S. Georges, PLLC |
| 20 N. Orange Avenue | 501 Union Street, Suite 200D |
| Orlando, FL 32801 | Nashville, TN 37219 |
| hyegelwel@forthepeople.com | phil@wolfpacklawyers.com |
| joshmoore@forthepeople.com | |

s/ Joseph R. Wheeler
Joseph R. Wheeler